UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RANDOLPH CHASE,

      Petitioner,

v.               9:21-CV-0473
                (MAD/TWD)

JULIE WOLCOTT,

      Respondent.

---

APPEARANCES:            OF COUNSEL:

RANDOLPH CHASE
Petitioner pro se
11-A-4492
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, NY 14411

HON. LETITIA JAMES         PAUL B. LYONS, ESQ.
Attorney for Respondent        Ass't Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

THÉRÈSE WILEY DANCKS
United States Magistrate Judge

## DECISION and ORDER

**I. INTRODUCTION**

  Petitioner Randolph Chase seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1 at 1-20, 45, Petition ("Pet."). The respondent was directed to answer the petition. Dkt. No. 8, Decision and Order ("May Order"). The response is due on or before September 23, 2021. Dkt. No.13, Letter Request; Dkt. No. 14, Text Order.

  On August 26, 2021, petitioner filed a letter motion requesting copies of electronically

file stamped documents. Dkt. No. 15. Specifically, petitioner asked for (1) the Clerk to be compelled to file and provide a copy of the Notice of Electronic Filing ("NEF") for "the Standing Order;" (2) the proof of service from respondent's counsel's Notice of Appearance; and (3) a copy of the NEF for respondent's Notice of Appearance. *Id.*

The Court issued an Order indicating that (1) it was unaware of any "Standing Order" to which petitioner was referring; however, he could subsequently identify said order from the docket sheet; and (2) the Clerk was respectfully directed to provide a copy of the docket sheet and the NEF, with the file stamp number, for respondent's counsel's Notice of Appearance. Dkt. No. 16, Text Order ("August Order"). The August Order and referenced documents were served upon petitioner via regular mail. *See* Dkt. Entry for August Order dated 8/30/21.

On September 16, 2021, the Court received two requests. Dkt. No. 17, Letter Motion; Dkt. No. 18, Motion to Limit Answer. The first was petitioner's request for several copies of NEFs for various submissions. Dkt. No. 17. The second was respondent's request to limit the answer to the issue of exhaustion. Dkt. No. 18. For the reasons stated herein, both requests are granted.

**II.     DISCUSSION**

    **A.     Copies of Notice of Electronic Filings**

Petitioner argues that he requires NEFs of various documents to ensure they have been properly filed. Specifically, any document electronically filed, without an electronic file stamp, is not considered properly filed. Dkt. No. 17 at 1. Petitioner cites to a Second Circuit case, *Franklin v. McHugh*, 804 F.3d 627 (E.D.N.Y. 2015), to support his assertion. *Id.*

2

In *Franklin*, the question before the Second Circuit was whether plaintiff's notice of appeal was timely filed. *Franklin*, 804 F.3d at 629. The Second Circuit explained that the Federal Rules of Appellate Procedure and the Eastern District of New York both permit the electronic filing of documents by attorneys; however, "filing is not complete until the last screen, called Notice of Electronic filing, appears on the user's computer." *Id.* at 630-31 (internal quotation marks omitted). The Second Circuit agreed "that a notice of appeal is not 'filed' for purposes of [the controlling law and rules for appealing federal cases] until counsel completes the CM/ECF filing process in compliance with the applicable local district court rules – here, until a Notice of Electronic Filing screen shows that the notice of appeal has been docketed, delivered and therefore 'filed' with the Clerk's Office." *Id.* at 632.

The Northern District of New York's Local Rules refer parties electronically filing documents to General Order 22. N.D.N.Y.L.R. 5.1.1. The General Order defines a properly filed electronic document as a one which includes "the transmission of a Notice of Electronic Filing from the Court[.]" G.O. 22 ¶ 4.1. "Service is complete provided all parties receive a Notice of Electronic Filing (NEF) . . . [a]ttorneys and pro se parties who are not Filing or Receiving Users must be served with a paper copy of any electronically filed pleading or other document[.]" *Id.* ¶ 5.2. Accordingly, consistent with the holding of the *Franklin* case, in order for a document to be properly filed it must have a NEF.

Here petitioner asks for the NEF for Docket Entries 8, 12, 13, 14, and 16. Dkt. No. 17. Even more specifically, he asks to have included the "Electronic Document Stamp" which demonstrates that any referenced document has also been filed with the Court. It appears this information was previously omitted from the NEF for Docket Entry 12, through a clerical

3

error, when the Clerk previously provided this document to petitioner. *Id.* at 2.

It does not appear that there have been any allegations, or reason to believe, that respondent's counsel has failed to properly file documents in a timely manner with the Court. However, upon a party's request, there is no reason why the Clerk of the Court is precluded or prohibited from providing petitioner with this information. Thus, the Clerk is respectfully directed to provide petitioner with the NEFs, including the "Electronic Document Stamps", for Docket Entries 12 and 13.

Petitioner also asks for the NEFs for Docket Entries 8, 14, and 16, along with the Electronic Document Stamps. However, those entries are all Text Orders. As explained in General Order 22, text orders have "the same force and effect as if the judge has affixed the judge's signature to a paper copy of the order and the order had been entered on the docket conventionally;" however, because they are "text-only entr[ies]," there is "no .pdf document [that] will issue." G.O. 22 ¶ 8.1. Accordingly, while there are NEFs for the Text Orders, there are no corresponding "Electronic Document Stamps" because there are no documents that were uploaded. Therefore, the Clerk is respectfully directed to provide petitioner with the NEFs for Docket Numbers 8, 14, and 16.

### B. Limited Answer

In respondent's letter motion, counsel requests that the upcoming response be limited to the issue of exhaustion. Dkt. No. 18. Specifically, respondent contends that petitioner failed to properly appeal his Article 78 proceeding and, despite petitioner's assertions to the contrary, he received the Order of the Appellate Division. *Id.* at 2. Respondent's motion is granted. The limited response shall include any state court records relevant to that issue.

### III. CONCLUSION

4

**WHEREFORE**, it is

**ORDERED** that the petitioner's letter request, Dkt. No. 17, is **GRANTED**.  The Clerk is respectfully directed to provide petitioner with the NEF's for Dkt. Nos. 8, 12, 13, 14 and 16.  However, given that Docket Entries 8, 14, and 16 are Text Orders, with no .pdf documents attached thereto, the NEF's petitioner receives will only have "Electronic Document Stamps" for Dkt. Nos. 12 & 13; and it is further

**ORDERED** that the respondent's request to limit their response to the issue of exhaustion, Dkt. No. 18, is **GRANTED**.  Respondent is reminded that the response is due on or before September 23, 2021; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Court's Local Rules of Practice.

Dated: September 21, 2021

_____
Thérèse Wiley Dancks
U.S. Magistrate Judge