UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RANDOLPH CHASE,

                Petitioner,

v.                                            9:21-CV-0473
                                                  (MAD/TWD)

JULIE WOLCOTT,

                Respondent.

---

APPEARANCES:　　　　　　　　　　　　　　OF COUNSEL:

RANDOLPH CHASE
Petitioner pro se
11-A-4492
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, NY 14411

HON. LETITIA JAMES　　　　　　　　　　　PAUL B. LYONS, ESQ.
Attorney for Respondent　　　　　　　　　　Ass't Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

THÉRÈSE WILEY DANCKS
United States Magistrate Judge

## DECISION and ORDER

**I.  INTRODUCTION**

      Petitioner Randolph Chase seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  Dkt. No. 1 at 1-20, 45, Petition ("Pet.").  Respondent opposes the petition.  Dkt. No. 22, Memorandum of Law in Opposition; Dkt. No. 23, Answer; Dkt. No. 24, State Court Records.  The Court provided petitioner with an opportunity to file a reply.  Dkt. No. 25, Text Order (setting deadline for petitioner's Traverse).

Instead, petitioner filed a motion for reconsideration, Dkt. No. 26, and a motion to strike, Dkt. No. 27. As part of the latter motion, petitioner also sought permission to file a motion for summary judgment in the event the Court denied his motions for reconsideration and to strike the answer. Dkt. No. 26 at 2. Respondent did not file a response to either motion.

## II.   DISCUSSION

### A.   Motion for Reconsideration

Liberally construing petitioner's submission, it appears he seeks reconsideration of the Court's decision to limit the scope of the answer and extend respondent's deadline to file it. Dkt. No. 26 at 1. Specifically, petitioner contends that the request was untimely, therefore, it should have been denied. *Id.*

"The standard for . . . [reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is warranted only where controlling law has changed, new evidence is available, clear error must be corrected, or manifest injustice prevented. *Long v. U.S. Dep't of Justice*, 778 F. Supp. 2d 222, 228-29 (N.D.N.Y. 2011) (citing *Doe v. New York City Dep't of Soc. Servcs.*, 709 F.2d 782, 789 (2d Cir. 1983)); *Jackson v. Jimino*, 506 F. Supp. 2d 105, 108-09 (N.D.N.Y. 2007).

Here, petitioner's reasoning does not justify reconsideration of the Court's prior order. Generally speaking, petitioner does not identify controlling decisions or data that the Court

2

overlooked which would reasonably change the Court's prior decision. Instead, petitioner proffers conclusory arguments that the Court's decisions were incorrect. However, petitioner's disagreement with this Court's decision is not a basis for reconsideration. *Finkelstein v. Mardkha*, 518 F. Supp. 2d 609, 611 (S.D.N.Y. 2007)).

More specifically, petitioner's argument that the motion for an extension of time was untimely is patently false. After receiving an initial extension, respondent's answer was due on or before September 23, 2021. Dkt. No. 13, Letter Motion; Dkt. No. 14, Text Order (authorizing extension request). Respondent sought permission to limit the answer on September 16, 2021. Dkt. No. 18. The request was granted on September 21, 2021. Dkt. No. 19. The following day, on September 22, 2021, respondent filed a second extension request. Dkt. No. 20, Letter Motion. The Court granted the request, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure. Dkt. No. 25, Text Order. Both requests were timely and properly filed prior to the answer deadline.

Furthermore, petitioner's motion to reconsider the Court's decision granting respondent's motion to file a limited answer is also meritless. Parties are free to choose to present whatever arguments they wish to the Court; the Court will not dictate what grounds respondent can or cannot choose to assert in her opposition.

Therefore, petitioner's motion for the Court to reconsider its last two Text Orders is denied.

**B.   Motion to Strike the Answer**

Petitioner also requests that the Court strike respondent's answer. Dkt. No. 26 at 1. Specifically, petitioner contends that the respondent did not properly file the answer because (1) petitioner did not "receive a proper notice of electronic filing [("NEF")] with a[n] electronic

3

file stamp," *Id.*, and (2) the paperwork was in "disarray . . . [with] an uncertified State record, a copy of the Answer with a defective proof of service, and a memorandum of law," Dkt. No. 27 at 1.

Here, petitioner fails to provide anything other than conclusory assertions that he did not receive proper NEF. As previously discussed, the Second Circuit has held that electronic filing requires "counsel [to] complete[] the CM/ECF filing process in compliance with the applicable local district court rules[.]" Dkt. No. 19, Decision and Order ("September Order"), at 3 (citing *Franklin v. McHugh*, 804 F.3d 627, 632 (2d Cir. 2015)). The Northern District of New York's Local Rules refer parties electronically filing documents to General Order 22. N.D.N.Y.L.R. 5.1.1. The General Order defines a properly filed electronic document as a one which includes "the transmission of a Notice of Electronic Filing from the Court[.]" G.O. 22 ¶ 4.1. "Service is complete provided all parties receive a Notice of Electronic Filing (NEF) . . . [a]ttorneys and pro se parties who are not Filing or Receiving Users must be served with a paper copy of any electronically filed pleading or other document[.]" *Id.* ¶ 5.2. Accordingly, consistent with the holding of the *Franklin* case, in order for a document to be properly filed it must have a NEF.

Here, petitioner claims that the answer should be stricken because he did not receive NEFs for respondent's opposition. Dkt. No. 26 at 1. However, the entries in the docket belie these conclusory assertions. *See* NEF for Dkt. Nos. 22, 23, & 24 (indicating that the NEF had been delivered, by mail, to petitioner at the address on file from the Clerk's office on September 30, 2021). Accordingly, it does not appear that respondent has failed to properly file documents in a timely manner with the Court.

Moreover, petitioner contends that the form of the answer should result in the Court

striking the submissions because it was disorganized, the state court record was uncertified, and the proof of service was defective. However, these contentions are also unpersuasive. First, petitioner fails to indicate how the response was disorganized and what, if any, prejudice it caused him.

Second, no where in the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") does it provide for a respondent's answer to include any sort of certification for the state court record. *See* Rule 5, Habeas Rules. Instead, the state court record must include "parts of the [state court] transcript that the respondent considers relevant [to the claims in the habeas petition]" as well as briefs and opinions on appeal. *Id.* Here the state court record is almost 200 pages long. Petitioner does not contend that it is incomplete or somehow misrepresents the state court proceedings. Further, the Court's review of the record indicates no basis to make any such claims. Accordingly, it appears that respondent has successfully complied with her obligations under Rule 5.

Lastly, petitioner's complaint about the proof of service is irrelevant. The proof of service is for the benefit of the Court, not the petitioner; it provides proof, via a written record, of when and how the respondent provided the answer to the petitioner. The corollary, the NEF, provides similar proof to the petitioner, demonstrating when and how the respondent filed the same document with the Court. As previously discussed, the docket sheet reflects that these NEFs were sent, via mail, to petitioner at his listed address by the Clerk.

Accordingly, petitioner's motion to strike the respondent's answer is denied.

**C.  Motion for Summary Judgment**

Finally, petitioner asks that if the Court denies his motions, he be permitted leave to file a motion for summary judgment. Dkt. No. 27 at 1. That request is also denied.

The purpose of federal habeas corpus petitions brought pursuant to 28 U.S.C. §2254 is to test the constitutionality of confinement after either a state court conviction or a decision relating to parole or good time. Motions for summary judgment are rarely appropriate in the context of habeas corpus actions, which are subject to specific rules. *See generally* Habeas Rules; *see also Whitaker v. Meachum*, 123 F.3d 714, 716 n.2 (2d Cir. 1997) (per curiam) (noting that summary judgment motions may be heard in a habeas action to the extent such motions are consistent with the Habeas Rules); *Corines v. Warden, Otisville Fed. Corr. Inst.*, No. 1:05-CV-2056, 2008 WL 4862732 at *2 (E.D.N.Y. Jun. 10, 2008) ("[A] summary judgment motion is appropriately brought in a habeas case only where the motion would avoid the need for a full review of the trial record, such as when there is a question of jurisdiction."), *adopted by* 621 F. Supp. 2d 26 (E.D.N.Y. 2008); *Mills v. Poole*, No. 1:06-CV-0842, 2008 WL 141729 at *5 (W.D.N.Y. Jan. 14, 2008) ("Mills' motions for summary judgment in this habeas proceeding are arguably inappropriate under the Rules Governing §2254 Habeas Cases which apply to all habeas petitions filed in this district[.]").

Those rules provide for (1) a petition and (2) an answer with supporting documentation from the respondent. Habeas Rules 2, 5. A petitioner may file reply papers if authorized to do so by the Court. Habeas Rules 5(e). But nothing in the Habeas Rule "contemplates the disposition of habeas petitions by motion for summary judgment." *Mitchell v. Goord*, No. 9:03-CV-0019 (GLS), 2005 WL 701096, at *3 (N.D.N.Y. Mar. 21, 2018).

In sum, a motion for summary judgment is an inappropriate procedural vehicle to achieve the relief requested; however, the pending habeas corpus petition is not. Petitioner has an opportunity to address this Court and present arguments replying to respondent's opposition if petitioner chooses to file a Traverse. Given the special solicitude granted to pro

6

se petitioners, the Court will *sua sponte* extend petitioner's reply deadline. However, after the deadline has expired, regardless of whether petitioner chooses to file a memorandum of law, the Court will issue an order regarding the petition in due course.

## III. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the petitioner's motion for reconsideration, Dkt. No. 26, is **DENIED**; and it is further

**ORDERED** that the petitioner's motion to strike, Dkt. No. 27, is **DENIED**; and it is further

**ORDERED** that the petitioner's request to file a motion for summary judgment, Dkt. No. 27 at 1, is **DENIED**; and it is further

**ORDERED** that the petitioner has thirty (30) days from the entry of this Order to file a reply to respondent's opposition. If petitioner chooses to file a reply, it must not exceed fifteen (15) pages in length, excluding exhibits, and the arguments contained in the reply shall be limited to addressing the arguments raised by the respondent in his answer and memorandum of law in opposition to the petition. This Court will not consider any new grounds for relief or other legal theories asserted by petitioner in his reply that were not previously asserted by him in his petition. If petitioner fails to file a reply or a request for extension of time within thirty (30) days of the filing date of respondent's papers, he may forfeit his opportunity to file a reply; and it is further

**ORDERED** that upon the filing of the reply, if any, or after the deadline to file a reply expires, the Clerk shall forward the file to the Court for further review; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Court's Local Rules of Practice.

Dated: November 10, 2021

Thérèse Wiley Dancks
U.S. Magistrate Judge