UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────

RANDOLPH CHASE,

                Petitioner,

v.                                        9:21-CV-0473
                                                (MAD/TWD)

JULIE WOLCOTT,

                Respondent.
─────────────────────────────────

APPEARANCES:                                             OF COUNSEL:

RANDOLPH CHASE
Petitioner pro se
11-A-4492
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, NY 14411

HON. LETITIA JAMES                             PAUL B. LYONS, ESQ.
Attorney for Respondent                        Ass't Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

THÉRÈSE WILEY DANCKS
United States Magistrate Judge

# DECISION and ORDER

**I.    INTRODUCTION**

      Petitioner Randolph Chase seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  Dkt. No. 1 at 1-20, 45, Petition ("Pet.").  Respondent opposes the petition.  Dkt. No. 22, Memorandum of Law in Opposition; Dkt. No. 23, Answer; Dkt. No. 24, State Court Records.  The Court provided petitioner with an opportunity to file a reply.  Dkt. No. 25, Text Order (setting deadline for petitioner's Traverse).

Instead, petitioner filed a motion for reconsideration, Dkt. No. 26, a motion to strike, Dkt. No. 27, and permission to file a motion for summary judgment in the event the Court denied his motions for reconsideration and to strike the answer, Dkt. No. 26 at 2.  The Court denied petitioner's motions and provided him with a final opportunity to file a reply.  Dkt. No. 28, Decision and Order ("November Order").

Petitioner did not file a reply, instead he filed a motion pursuant to Rule 12(e) of the Federal Rules of Civil Procedure asking for a more definite statement of respondent's answer.  Dkt. No. 29.  Prior to the Court's ruling, counsel for respondent mailed a courtesy copy of the Answer and State Court Record to petitioner, attempting to provide petitioner with the remedy he requested.  Dkt. No. 30.  The Court found the motion moot; however, it directed petitioner to renew his motion with the Court if he failed to receive respondent's documents.  Dkt. No. 31, Text Order.  The Court again, *sua sponte*, extended petitioner's reply deadline.  *Id.*

Presently pending is petitioner's renewed motion for a more definite statement pursuant to Rule 12(e), as well as a motion to expand the state court record pursuant to Rule 7 of the Rules Governing Section 2254 Cases in the United States District Court ("Habeas Rules").  Dkt. No. 32.  Counsel for respondent states that (1) he again mailed petitioner a courtesy copy of the Answer, presumably providing petitioner the relief requested and (2) he does not object to including the county court order in the state court record.  Dkt. No. 33.

## II.     DISCUSSION

### A.     Motion for a More Definite Statement

Federal rules provide that "[a] party may move for a definite statement of a pleading . .

2

. which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e); *see also In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation*, No. 1:00-CV-0189, 2005 WL 1500893, at *2 (S.D.N.Y. June 24, 2005) (explaining that "[t]he Rule is designed to remedy unintelligible pleadings, not to correct for a lack of detail.") (internal quotation marks and citations omitted). Such motions "are generally disfavored because of their dilatory effect." *In re MTBE*, 2005 WL 1500893, at *2.

Here, petitioner argues that "[t]he answer is defective [because] . . . [t]he pleading [is] not properly enumberated [*sic*], as such the petitioner cannot properly respond." Dkt. No. 32 at 1. Further, petitioner contends that the answer fails to identify a defense which, presumably, also prevents petitioner from being able to properly respond. *Id.*

If petitioner did not receive the entire answer, as the attachment appended to his motion would indicate, then the Court understands petitioner's frustration. *See* Dkt. No. 32-1 at 2-3 (including the purported Answer which is missing the second page, which includes respondent's opposition to the present petition). However, respondent's counsel's actions of providing petitioner with another courtesy copy of the Answer appears to moot his current motion.

First, looking at the Answer in its entirety, the face of the document clearly shows that it is properly numbered. Accordingly, now that petitioner has received an unabridged copy, he can see as much. Second, section 5 of the Answer states that "[t]he petition fails to state a claim upon which relief could be granted. Petitioner's claims are all unexhausted and procedurally defaulted because petitioner failed to appeal the denial of his Article 78 petition . . . In addition, the claims are plainly meritless." Dkt. No. 23 at 2. This section unequivocally

3

presents respondent's arguments in opposition of the present petition. Initially, this was the page that petitioner asserts was missing from the documents he received. However, because petitioner now has a complete version of the answer, Dkt. No. 33, as well as the fact that petitioner never indicated that he failed to receive the memorandum of law in opposition of the petition and will be provided a copy of the instant order where the relevant language is cited herein, it cannot be said that petitioner is unaware of respondent's arguments or unable to reply to them.

Therefore, the motion is denied.

### B. Motion to Expand the State Court Record

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). However, pursuant to Habeas Rules 6 and 7, a district court may order discovery or expansion of the record where a party demonstrates good cause. Good cause is demonstrated where the petitioner advances "specific allegations before the court [to] show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief . . . ." *Bracy*, 520 U.S. at 909 (internal quotation marks omitted).

Here, petitioner claims that the state court record before this Court is false because (1) there is a fabricated affidavit of service and (2) the appended letter/decision from the county court judge, Dkt. No. 32-1 at 5, was omitted. Dkt. No. 34. Respondent does not object to petitioner's motion to include the county court's order; however, respondent adds that "the order does not affect the disposition of the instant habeas petition, which is wholly meritless." Dkt. No. 33 at 1-2.

The Court is unsure to which affidavit of service petitioner is referring. The vagueness of petitioner's request fails to satisfy the good cause standard. Moreover, to the extent that petitioner references an affidavit of service served during the course of this case, the Court finds any such claims unavailing. There has been no indication that petitioner has not been apprised of everything that has been filed in this case. Petitioner has been in constant contact with the Court and, where there has been an issue with the receipt of documents, those claims have been remedied by either the Court's Order or the respondent's own initiative.

Next, with respect to the county court decision, the Court finds that the document is relevant because it concerns the Article 78 proceeding filed in state court challenging the disciplinary hearing determination which is at issue in the instant petition. It also deals with the procedural posture of the state court action, which is relevant to respondent's arguments about exhaustion and procedural default. Petitioner has not provided this Court with the requisite good cause for including the document in the state court record that Rule 7 requires; however, respondent's position in combination with the document's ability to further illustrate the procedural history of the underlying disciplinary challenge persuades the Court to allow its inclusion.

Therefore, petitioner's motion to expand the record is granted in part. Accordingly, the Clerk shall respectfully attach Dkt. No. 32-1 at 5 as an exhibit to the state court record.

## III.    CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's motion for a more definite statement, Dkt. No. 32, is **DENIED**; and it is further

5

**ORDERED** that petitioner's motion to expand the record, Dkt. No. 32, is **GRANTED IN PART**. The Clerk shall respectfully attach Dkt. No. 32-1 at 5 as an exhibit to the state court record; and it is further

**ORDERED** that the petitioner shall be given a final opportunity to file a Traverse. Accordingly, petitioner has thirty (30) days from the entry of this Order to file a reply to respondent's opposition. If petitioner chooses to file a reply, it must not exceed fifteen (15) pages in length, excluding exhibits, and the arguments contained in the reply shall be limited to addressing the arguments raised by the respondent in his answer and memorandum of law in opposition to the petition. This Court will not consider any new grounds for relief or other legal theories asserted by petitioner in his reply that were not previously asserted by him in his petition. If petitioner fails to file a reply or a request for extension of time within thirty (30) days of the filing date of respondent's papers, he may forfeit his opportunity to file a reply; and it is further

**ORDERED** that upon the filing of the reply, if any, or after the deadline to file a reply expires, the Clerk shall forward the file to the Court for further review; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Court's Local Rules of Practice.

Dated: January 24, 2022

   Syracuse New York

Thérèse Wiley Dancks
U.S. Magistrate Judge