UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RANDOLPH CHASE,

                                                  Petitioner,

   vs.                                                           9:21-CV-473
                                                                      (MAD/TWD)
JULIE WOLCOTT,

                                                  Respondent.
_____

APPEARANCES:                               OF COUNSEL:

RANDOLPH CHASE
11-A-4492
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, New York 14411
Petitioner, *pro se*

OFFICE OF THE NEW YORK            PAUL B. LYONS, AAG
STATE ATTORNEY GENERAL
28 Liberty Street
New York, New York 10005
Attorney for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      On March 18, 2021, Petitioner Randolph Chase ("Petitioner"), filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Dkt. No. 1. Petitioner is challenging the result of a disciplinary hearing and ensuing sanctions that occurred while he was incarcerated at Cayuga Correction Facility ("Cayuga"). *See id*. On May 8, 2024, Magistrate Judge Thérèse Wiley Dancks issued a Report-Recommendation and Order, recommending that the petition be

1

denied and dismissed in its entirety and that Petitioner not be issued a Certificate of Appealability. *See* Dkt. No. 38 at 9.

## II. BACKGROUND

While incarcerated at Cayuga, Petitioner was issued a misbehavior report for allegedly possessing contraband in his cell. *See* Dkt. No. 24-1 at 29.[1]  A Tier III disciplinary hearing took place from October 21-26, 2019. *See id.* at 58-98. Petitioner was found guilty of possessing a weapon and not guilty of possessing an altered item and contraband. *See id.* at 101. He was sanctioned with ninety days in the Special Housing Unit, ninety days loss of privileges, and loss of two months of good time credits. *See id.*

Petitioner subsequently filed an Article 78 Petition in Albany County Supreme Court challenging the disciplinary hearing's disposition. *See id.* at 1-40. On January 19, 2021, Acting Supreme Court Justice George R. Bartlett, III dismissed the petition. *See id.* at 162-68. On February 25, 2021, the New York Attorney General's Office served a copy of the Supreme Court's Decision and Order on Petitioner. *Id.* at 171. Petitioner did not appeal the Supreme Court's Decision.

Petitioner filed his petition for habeas corpus relief in the United States District Court for the Western District of New York on March 18, 2021. *See* Dkt. No. 1. On April 26, 2021, the Western District of New York transferred the petition to this Court. *See* Dkt. No. 5. On September 30, 2021, Respondent filed an answer, supporting memorandum, and state court records. *See* Dkt. Nos. 22, 23, 24. Respondent's answer and supporting memorandum contend that Petitioner's claims are unexhausted, procedurally defaulted, and plainly meritless, and that as a result, the petition should be dismissed. *See* Dkt. No. 22 at 3; Dkt. No. 23 at 2. Petitioner filed

---

[1] Citations are to the pagination generated by CM/ECF.

a traverse on February 22, 2022.  *See* Dkt. No. 36.  In her Report-Recommendation and Order, Magistrate Judge Dancks recommended that the petition be denied and dismissed in all respects.  *See* Dkt. No. 38 at 9.

### III. DISCUSSION

**A.  Standard of Review**

When a party files specific objections to a magistrate judge's report and recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  When a party declines to file objections to a magistrate judge's report and recommendation, the district court reviews the recommendations for clear error.  *See McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007).  After the appropriate review, "a judge of the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

Neither party has filed objections.  Thus, the Court reviews Magistrate Judge Dancks' Report-Recommendation and Order for clear error.

**B.  Change of Address**

Magistrate Judge Dancks first addressed the fact that Petitioner has not filed a change of address with the Clerk's Office since his release to parole supervision in November of 2022.  *See* Dkt. No. 38 at 4.  As Magistrate Judge Dancks noted, Petitioner failed to update his address with this Court despite her Order that Petitioner must do so or risk dismissal of this action.  *See* Dkt. No. 38 at 5 (citing Dkt. No. 8 at 5).

Pursuant to Local Rule 10.1(c)(2), this action is subject to dismissal on the grounds that Petitioner has failed to file a change of address with the Clerk's Office.  *See* N.D.N.Y. L.R.

3

10.1(c)(2); *see also LaSalle v. Lee*, No. 9:11-CV-0304, 2012 WL 4793505, *2 (N.D.N.Y. Sept. 6, 2012) (citing, *inter alia*, *Williams v. Faulkner*, No. 95-CV-741, 1998 WL 278288, *2 (N.D.N.Y. May 20, 1998)). However, because Petitioner already filed the required pleadings, Magistrate Judge Dancks chose to address the parties' arguments rather than recommend dismissal for failure to abide by the Local Rules or the Court's Order. *See* Dkt. No. 38 at 5. The Court finds no clear error in Magistrate Judge Dancks' determination and will likewise consider the parties' arguments rather than dismiss the action for Petitioner's failure to file a change of address with the Court.[2]

**C.      Exhaustion**

"An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless 'there is an absence of available State corrective process' or 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Torres v. O'meara*, 353 F. Supp. 3d 180, 190 (N.D.N.Y. 2019) (quoting 28 U.S.C. §§ 2254(b)(1)(A), (B)(I), (ii)). For petitioners to properly exhaust their claims, they "must do so both procedurally and substantively." *Id.* "Procedural exhaustion requires that the petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition." *Id.* (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). "Substantive exhaustion requires that a petitioner 'fairly present' each claim for habeas relief in 'each appropriate state court (including a state supreme court with powers of discretionary review) thereby alerting that court to the federal nature of the claim.'" *Id.* (quoting *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)).

To properly challenge the loss of good time credits, a petitioner is required to commence an Article 78 proceeding and fully exhaust that proceeding in the state courts. *See Plater v.*

---

[2] Petitioner was sent a mailing, addressed to him at the Orleans Correctional Facility, containing Magistrate Judge Dancks' Report-Recommendation and Order. *See* Dkt. No. 39. The mailing was returned to the Court as undeliverable on June 6, 2024. *Id.*

*Superintendent, Cayuga Correctional Facility*, No. 9:08-CV-380, 2009 WL 529545, *4 (N.D.N.Y. Mar. 2, 2009) (citing *Van Gorder v. Boucaud*, No. 9:08-CV-0442, 2008 WL 2858678, *1 (N.D.N.Y. July 22, 2008)) (additional citation omitted).  "In order to exhaust available state remedies, a habeas petitioner must present 'the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it.'" *Scales v. New York State Div. of Parole*, 396 F. Supp. 2d 423, 428 (S.D.N.Y. 2005) (quoting *Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003)).

Petitioner contends that the state court proceeding was "ineffective" and that he was deprived of his right to appeal because he was never served with the supreme court's judgment. *See* Dkt. No. 1 at 1.  The Court finds no clear error in Magistrate Judge Dancks' determination that Petitioner was in possession of the supreme court's Decision and Order and that his contention is therefore meritless as Petitioner filed the supreme court's Decision and Order with his petition.  *See* Dkt. No. 38 at 7-8.

Next, Magistrate Judge Dancks determined that Petitioner's claims are unexhausted because Petitioner failed to appeal the dismissal of his Article 78 proceeding; thus, Petitioner's claims are procedurally defaulted for habeas purposes.  *See* Dkt. No. 38 at 8-9.  The Court finds no clear error in this determination.  Having failed to appeal the Albany County Supreme Court's dismissal of his Article 78 petition within thirty days of receipt of the judgment, Petitioner has failed to procedurally exhaust his claims in state court.  *Lebron v. Annucci*, No. 9:15-CV-0829, 2016 WL 1312564, *3 (N.D.N.Y. Apr. 4, 2016) (citing N.Y. C.P.L.R. § 5513(a)).  Petitioner is also unable to file a new Article 78 proceeding challenging the disciplinary hearing's determination because such a proceeding must be brought within four months after a determination becomes binding upon a petitioner.  *See* N.Y. C.P.L.R. § 217(1); *see also Plater*,

5

2009 WL 529545, at *4 (collecting cases). As such, Petitioner's claims are unexhausted and, as a result, procedurally defaulted for federal habeas purposes. *See Reyes v. Keane*, 118 F.3d 136, 140 (2d Cir. 1997) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 (1991)).

Unless a petitioner can "demonstrate cause and prejudice" for their procedural default in state court, or show actual innocence, a writ of habeas corpus will not be issued. *Washington v. James*, 996 F.2d 1442, 1447 (2d Cir. 1993). As Magistrate Judge Dancks states, Petitioner has made no demonstration of cause and prejudice excusing his procedural default, or of actual innocence. *See* Dkt. No. 38 at 8-9. Therefore, the Court finds no clear error in Magistrate Judge Dancks' recommendation that the petition be dismissed because Petitioner's claims are procedurally defaulted. *See id.* at 9; *see, e.g., Plater*, 2009 WL 529545, at *6 (citing *Benjamin v. Taylor*, No. 9:05-CV-0902, 2007 WL 2789454, *4-6 (N.D.N.Y. Sept. 24, 2007)).

**D.   Certificate of Appealability**

28 U.S.C. § 2253(c)(1) provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from – (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1). "'When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim,' . . . a certificate of appealability should issue only when the prisoner shows" that (1) "'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [(2)] jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Petitioner has failed to make such a showing with regard

to any of his claims, and the Court adopts Magistrate Judge Dancks' recommendation and declines to issue a Certificate of Appealability in this matter. *See* Dkt. No. 38 at 9.

## IV. CONCLUSION

After carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Report-Recommendation and Order (Dkt. No. 38) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that the petition (Dkt. No. 1) is **DENIED** and **DISMISSED;** and the Court further

**ORDERS** that no Certificate of Appealability shall be issued with respect to any of Petitioner's claims; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Respondent's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules

**IT IS SO ORDERED.**

Dated: July 11, 2024
      Albany, New York

Mae A. D'Agostino
U.S. District Judge